UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VASILIS SIDERATOS,

    Plaintiff,

v.                                     Case No. 8:24-cv-2986-SDM-AAS

DEPUTY AUSTIN
RILL, et al.,

    Defendant.
_____/

## ORDER

Plaintiff Vasilis Sideratos filed three interrelated motions concerning early discovery interrogatories, scheduling a Rule 26(f) conference, and the inability of the parties to complete a Case Management Report. (Docs. 34–36). The defendants responded to all three motions in one document. (Doc. 40). Without leave of court, Mr. Sideratos replied to the defendants' response. (Doc. 41). Because Mr. Sideratos did not seek leave of court to file a reply as required by Local Rule 3.01(d), the defendants' motion to strike Mr. Sideratos's reply (Doc. 42) is **GRANTED**. The undersigned considers Mr. Sideratos's motions (Docs. 34–36) and the defendants' response (Doc. 40).

A May 20, 2025 order granted in part Mr. Sideratos's request for limited discovery to ascertain the name of Defendant John Doe Supervisor. (Docs. 18, 22, 33). The undersigned permitted Mr. Sideratos to serve one written

1

interrogatory each on Defendants Sheriff Bob Gualtieri, in his official capacity as Sheriff of Pinellas County, Deputy Austin Rill, and Deputy Kelly Haedke by emailing the written interrogatories to their counsel of record, Mr. Jason Gordillo. The undersigned directed Mr. Sideratos to limit these written interrogatories to the issue of the identity of John Doe Supervisor.

On May 22, 2025, Mr. Sideratos emailed interrogatories to Mr. Gordillo. (Doc. 40-1). The defendants objected to parts of each interrogatory but provided the Incident Detail Report in response. (Doc. 40-4). Mr. Sideratos requests the court compel better answers to his interrogatories. (Doc. 34). The Incident Detail Report identifies an officer on the scene not currently listed as a defendant. (Doc. 40-4, p. 9). Mr. Sideratos's additional questions posed in his interrogatories (Doc. 40-1, pp. 2, 3) go beyond the scope permitted by the court's order. The Incident Detail Report aptly responds to the permissible early discovery. Accordingly, Mr. Sideratos's motion to compel (Doc. 34) is **DENIED**. Mr. Sideratos is **DIRECTED** to file a Second Amended Complaint by **July 11, 2025**. The Second Amended Complaint may only replace any mention of John Doe Defendant with the name of the officer identified in the Incident Detail Report. By **July 16, 2025**, Mr. Gordillo is **DIRECTED** to file a notice advising whether he is authorized to accept service of the Second Amended Complaint on behalf of the newly added defendant.

2

A communication breakdown between the parties led Mr. Sideratos to further request the court compel a date for the parties to conduct a Rule 26(f) conference and to accept Mr. Sideratos's unilaterally prepared Case Management Report. (Docs. 35, 36). Mr. Sideratos's motion for extension of time to file a Case Management Report and compel a date for a Rule 26(f) conference (Doc 35) is **GRANTED in part.** To facilitate cooperation between the parties, by **July 11, 2025**, Mr. Sideratos is **DIRECTED** to send to Mr. Gordillo **FIVE** mornings and afternoons between **July 21 and August 1** that he is available to participate in a telephonic Rule 26(f) conference.

Mr. Sideratos's motion for the court to accept his unilaterally prepared Case Management Report (Doc. 36) is **DENIED**. During the Rule 26(f) conference, the parties must prepare a Case Management Report. If the parties cannot agree to certain sections of the Case Management Report, they must note their disagreement and file the joint Case Management Report by **August 8, 2025**.

**ORDERED** in Tampa, Florida on July 2, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge