UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VASILIS SIDERATOS,**

        **Plaintiff,**

v.                                     **Case No. 8:24-cv-2986-SDM-AAS**

**BOB GUALTIERI, in his Official
Capacity as Sheriff of Pinellas
County, Florida, et al.,**

        **Defendant.**
_____/

## ORDER

Defendants Sheriff Bob Gualtieri, in his official capacity as Sheriff of Pinellas County, Deputy Austin Rill, Deputy Kelly Haedke, and Deputy Dean Welshans (collectively, the defendants) move to stay discovery pending a ruling on their motion to dismiss. (Doc. 61). When Plaintiff Vasilis Sideratos failed to timely respond to the defendants' motion, the court directed Mr. Sideratos to respond by August 25, 2025. (Doc. 67). The court warned that the failure to do so would result in the motion being treated as unopposed.[1] (*Id.*). Mr. Sideratos did not respond.

---

[1] *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

1

A district court has broad discretion in regulating discovery. *See Moore v. Potter*, 141 Fed. Appx. 803, 808 (11th Cir. 2005) (holding the district court did not abuse its "broad discretion" when entering stay to resolve motion to dismiss). The Eleventh Circuit instructs that facial challenges to the legal sufficiency of a claim or defense should be resolved before discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

The "party seeking the stay must prove good cause and reasonableness." *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32-HL, 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)) (internal quotation marks omitted). In reviewing such facial challenges, a court must take a "preliminary peek at the merits of the dispositive motion to assess the likelihood that such motion will be granted." *Id.* To determine whether a stay is appropriate, a court must "balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.*

The gravamen of the defendants' motion to dismiss is Mr. Sideratos's complaint is a shotgun pleading that fails to state a viable federal cause of action and fails to satisfy the mandatory pre-suit requirements for his state law claims. (*See* Doc. 59). Without remarking on the merits of the defendants'

2

motion, the court finds good cause for a temporary stay of discovery. The defendants' motion to dismiss presents a nonfrivolous challenge to the plaintiff's claims. Although such a stay will delay discovery, the resulting harm is minimal when compared to the benefits of saved time, money, and resources in the event the court determines Mr. Sideratos's complaint is subject to dismissal.

Accordingly, the defendants' motion to stay discovery (Doc. 61) is **GRANTED**. Discovery is **STAYED** pending the court's ruling on the defendants' motion to dismiss (Doc. 59).

**ORDERED** in Tampa, Florida, on September 2, 2025.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge