## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**VASILIS SIDERATOS,**

        **Plaintiff,**

**v.**                            **Case No. 8:24-cv-2986-SDM-AAS**

**BOB GUALTIERI, in his Official
Capacity as Sheriff of Pinellas
County, Florida, et al.,**

        **Defendant.**

_____/

## <u>ORDER</u>

      Plaintiff Vasilis Sideratos, proceeding pro se, requests leave to file his mediation summary under seal. (Doc. 93). The defendants object to the request.

      Mediation materials are confidential and may not be filed under seal or on the public docket. *See* Fed. R. Civ. P. 408 (conduct or a statement made during settlement negotiations about the claim is not admissible); 28 U.S.C § 652(d) ("each district court shall, by local rule . . . provide for the confidentiality of the alternative dispute resolution process); Local Rule M.D. Fla. 4.03(g) ("To refer an action to mediation the judge must enter an order that . . . directs that the substance of the mediation is confidential and . . . no party . . . may disclose any event). The August 15, 2025, order referring the

1

case to mediation prohibited the disclosure of mediation events. (Doc. 66). Therefore, Mr. Sideratos's motion to file his mediation summary under seal is **DENIED**.

Although, the motion is denied on the merits, the motion also could have been denied for violations of the local rules. Litigation in federal court is difficult and requires compliance with federal and local rules. Mr. Sideratos is reminded to familiarize himself with the local rules.

Mr. Sideratos fails to comply with the Middle District of Florida Local Rules.[1] Rule 3.01(a) provides: "A motion must include . . . a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." The Rule is violated where "motions . . . lack any legal support for the movant's arguments." *Vega v. Geico Gen. Ins. Co.*, No. 8:21-CV-1450-MSS-AAS, 2022 WL 1081565 at (M.D. Fla. Apr. 11, 2022). Failure to comply with Local Rule 3.01(a) is grounds for denial of a motion. *Id.* Mr. Sideratos's motion does not include a legal memorandum supporting his request and provides no relevant legal support for his request.

Mr. Sideratos also fails to comply with Local Rule 1.11. Rule 1.11(b) provides: a motion to seal an item . . . must include a legal memorandum, a

---

[1] The Middle District of Florida Local Rules are located here: Local Rules | Middle District of Florida | United States District Court

proposed duration, and must "establish (A) that filing the item is necessary, (B) that sealing the item is necessary, and (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory." Mr. Sideratos fails to meet any of the requirements. *See U.S. All Star Fed'n, Inc. v. Open Cheer & Dance Championship Series, LLC*, No. 6:21-CV-2135-WWB-DCI, 2024 WL 414636 at *4 (M.D. Fla. Feb. 5, 2024) (finding the motion to seal inadequate for noncompliance with Local Rule 1.11).

Accordingly, Mr. Sideratos's motion for leave to file his mediation summary under seal (Doc. 93) is **DENIED**.

**ORDERED** in Tampa, Florida, on October 24, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

3